FILED
**Jul 23, 2021**
**01:15 PM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Jamie Henderson, as Surviving Spouse of David Joe Turner | ) ) | Docket No. 2020-06-1013 |
| | ) | State File No. 44049-2020 |
| v. | ) ) | |
| Pee Dee Country Enterprises, Inc., et al. | ) ) ) | |
| Appeal from the Court of Workers' Compensation Claims Kenneth M. Switzer, Chief Judge | ) ) ) | |

---

### Reversed and Remanded

---

This is the second appeal in this death case. As in the initial appeal, the issue concerns the trial court's award of attorney's fees. In both appeals, the trial court entered orders awarding substantially less than the fees requested by the surviving spouse's attorney and provided for in a contract between the surviving spouse and her attorney. The underlying claim for death benefits was resolved without a trial, but the employer objected to the amount of the attorney's fees sought by the surviving spouse's attorney and to the payment of those fees in a lump sum. Following a hearing on the request for attorney's fees, the trial court awarded a lump sum fee but reduced the fee from 20% to 7.5% of the difference between the recovery achieved under Tennessee law and the maximum recovery available under Mississippi law. Following the first appeal by the surviving spouse, we vacated the trial court's order and remanded the case for further consideration of the statutory provisions governing the review and approval of attorney's fees. The trial court subsequently issued an order addressing the statutory provisions, and it again awarded a lump sum fee based on 7.5% of the difference between the recovery achieved in Tennessee and the potential recovery in Mississippi. The surviving spouse has again appealed. Upon careful consideration of the statutory provisions at issue, we reverse the trial court's order and remand the case for entry of an order approving the attorney's fee agreed to by the surviving spouse and her attorney.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner joined. Judge David F. Hensley dissented.

M. Reed Martz and J. Hale Freeland, Oxford, Mississippi, for the surviving spouse-appellant, Jamie Henderson

1

Lee Anne Murray and Taylor R. Pruitt, Brentwood, Tennessee, for the employer-appellee, Pee Dee Country Enterprises, Inc.

## Factual and Procedural Background

This is the second appeal in this case concerning a dispute over attorney's fees. The factual and procedural background of the case was summarized in our earlier opinion as follows:

On September 18, 2019 (or soon after midnight on September 19), while traveling in California in the course and scope of his employment with Pee Dee Country Enterprises, Inc. ("Employer"), David Joe Turner ("Employee") was tragically killed in a motor vehicle accident. Employer maintained its business in Davidson County, Tennessee, while Employee and his wife, Jamie Henderson ("Surviving Spouse") lived in Lafayette County, Mississippi. The claim was accepted as compensable by Employer, and its insurer began paying death benefits under the laws of the State of Mississippi soon after Employee's death.

In December 2019, Surviving Spouse retained her current counsel, who advised her to pursue death benefits under Tennessee law instead of Mississippi law. In January 2020, Surviving Spouse advised Employer of her intent to pursue death benefits in Tennessee. Employer, through its insurer, promptly agreed to pay death benefits pursuant to Tennessee law. It is undisputed that Surviving Spouse had agreed to pay her attorneys twenty percent of the difference between the maximum amount of death benefits payable under Mississippi law ($199,714.50) and the maximum amount payable under Tennessee law ($432,000.00). Twenty percent of the difference of $232,285.50 would equal $46,457.10.

Although the underlying claim for death benefits was resolved, the parties could not resolve the issue of attorneys' fees. Employer declined to pay the attorneys' fee in a lump sum and objected to the extent of the fee. On September 16, 2020, the trial court entered an order requiring Surviving Spouse's counsel to supplement his affidavit in support of the request for approval of the attorneys' fees with information documenting the actual time and labor required for his firm's representation of Surviving Spouse. Surviving Spouse's counsel filed this supplemental information as ordered but argued "the appropriate measurement is the reasonableness of the contingency fee rather than the *retrospective* review of time and labor versus the work actually performed."

2

A hearing to approve the underlying settlement was conducted on October 9, 2020, and the underlying settlement was approved with the exception of the attorneys' fee. Following a subsequent hearing to address the attorneys' fee issue, the trial court issued an order granting an attorneys' fee but reducing the fee from twenty percent of the additional benefit amount to seven-and-one-half percent of the additional benefit amount.

*Henderson v. Pee Dee Country Enters., Inc.*, No. 2020-06-1013, 2021 TN Wrk. Comp. App. Bd. LEXIS 8, at *2-4 (Tenn. Workers' Comp. App. Bd. Mar. 8, 2021) (footnote omitted).

In the first appeal, we concluded the trial court failed to address the applicability of certain statutory provisions governing the approval of attorney's fees in workers' compensation cases, and we vacated the trial court's order and remanded the case for further consideration in light of those provisions. The parties submitted additional briefs to the trial court, after which the court concluded that "the Court of Workers' Compensation Claims has sole jurisdiction and statutory authority to approve attorneys' fees," and that judges of the Court of Workers' Compensation Claims "must review the requested fee for reasonableness 'as appropriate' under Supreme Court Rule 8 and make required findings applying the factors within that rule." The court reiterated its award of $17,421.41 in attorney's fees, or 7.5% of the increase in Surviving Spouse's recovery, to be paid in a lump sum. Surviving Spouse has appealed the trial court's order.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). The interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

**Analysis**

On appeal, Employee asserts the trial court erred in its interpretation and application of the second sentence of section 50-6-226(a)(1) and by awarding an "arbitrary attorney's fee of only 7.5% of the increased benefits" available to Employee under Tennessee law. Conversely, Employer contends the trial court correctly held the second sentence of Tennessee Code Annotated section 50-6-226(a)(1) "does not apply to

this case." In addressing this issue, we must first interpret certain statutes in the workers' compensation law governing attorney's fees. Specifically, we must determine whether the second sentence of Tennessee Code Annotated section 50-6-226(a)(1) (2019), which mandates "[t]he department shall deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker," applies to this case. For the reasons explained below, we conclude it does.

The Tennessee Supreme Court has, on numerous occasions, addressed the principles of statutory construction:

> The primary goal of statutory interpretation is to carry out legislative intent without expanding or restricting the intended scope of the statute. In determining legislative intent, we first must look to the text of the statute and give the words of the statute "their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose." When a statute's language is clear and unambiguous, we enforce the statute as written; we need not consider other sources of information. We apply the plain meaning of a statute's words in normal and accepted usage without a forced interpretation. We do not alter or amend statutes or substitute our policy judgment for that of the Legislature.

*Coleman v. Olson*, 551 S.W.3d 686, 694 (Tenn. 2018) (citations omitted). In addition, the Supreme Court has stated:

> In construing legislative enactments, we presume that every word in a statute has meaning and purpose and should be given full effect if the obvious intention of the General Assembly is not violated by doing so. . . . It is only when a statute is ambiguous that we may reference the broader statutory scheme, the history of the legislation, or other sources. Further, the language of a statute cannot be considered in a vacuum, but "should be construed, if practicable, so that its component parts are consistent and reasonable." Any interpretation of the statute that "would render one section of the act repugnant to another" should be avoided. We also must presume that the General Assembly was aware of any prior enactments at the time the legislation passed.

*In re Estate of Tanner*, 295 S.W.3d 610, 613-14 (Tenn. 2009) (citations omitted). In applying these principles, we have explained previously that

> we must construe a statute so that no part will be inoperative, superfluous, void, or insignificant. We are required to give effect to every word, phrase, clause, and sentence of the act in order to achieve the Legislature's intent and we must construe a statute *so that no section will destroy another*.

4

*Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *25 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018) (emphasis added) (citations omitted).

As pertinent here, the statute at issue, Tennessee Code Annotated section 50-6-226(a)(1), provides as follows:

> The fees of attorneys for services to employees under this chapter, shall be subject to the approval of the workers' compensation judge before which the matter is pending, as appropriate; provided, that no attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the recovery or award to be paid by the party employing the attorney. The department *shall deem* the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker, or, in cases governed by § 50-6-207(4), twenty percent (20%) of the first four hundred fifty (450) weeks of the award.

Tenn. Code Ann. § 50-6-226(a)(1) (emphasis added).

The plain language of the initial sentence makes clear that attorney's fees are subject to the approval of the workers' compensation judge before whom the matter is pending. Like all authority exercised by judges on the Court of Workers' Compensation Claims, the authority to approve attorney's fees is subject to the terms and limitations of the statutory language and the rules governing the operation of that court.

Here, the crux of the appeal hinges on the second sentence of section 226(a)(1), which mandates "the department" to deem fees for attorneys representing employees to be reasonable in certain circumstances. Specifically, that sentence presents two scenarios where the discretion to refuse to approve attorney's fees is limited: (1) when an attorney's fee does not exceed 20% of the "award to the injured worker" and (2) when an attorney's fee does not exceed 20% of the first 450 weeks under section 50-6-207(4).[1] In both circumstances described in this sentence, the only entity vested with authority to approve attorney's fees is the Court of Workers' Compensation Claims.[2] Moreover, there is a

---

[1] Tennessee Code Annotated section 50-6-207(4) concerns cases where the employee is adjudged to be permanently and totally disabled as the result of a work-related injury.

[2] We considered the trial court's determination that the term "the department" as used in the second sentence of section 226(a)(1) refers to other employees of the Bureau of Workers' Compensation but not to the judges of the Court of Workers' Compensation Claims. Specifically, the trial court cited Tennessee Code Annotated section 50-6-210(f), which governs claims involving the death of an employee whose dependents are citizens of another country. That section authorizes the Administrator of the Bureau of Workers' Compensation to approve settlements in such claims. However, nothing in section 210(f) references any type of authority by non-judges to approve a claim for attorney's fees. We also considered other statutory provisions, including those addressing the Uninsured Employer's Fund, governed by

clear statutory link between the Court of Workers' Compensation Claims and the phrase "the department." First, the Court of Workers' Compensation Claims operates under the auspices of the Bureau of Workers' Compensation. *See* Tenn. Code Ann. § 50-6-237. Second, the term "bureau" is defined to mean "the bureau of workers' compensation *of* the department of labor and workforce development." Tenn. Code Ann. § 50-6-102(5) (emphasis added). Finally, the word "department" is statutorily defined to mean "the department of labor and workforce development." Tenn. Code Ann. § 50-6-102(10).[3] Therefore, when considering the plain and ordinary meaning of the statutory language within the context of this section and the entire workers' compensation law, we conclude the phrase "the department" includes judges on the Court of Workers' Compensation Claims, and this sentence limits their discretion to refuse to approve attorney's fees in either of the scenarios specified in that sentence.

In his dissent, our colleague asserts that if the General Assembly's intent was to limit the discretion of workers' compensation judges in approving attorney's fees under the scenarios described in the second sentence of section 226(a)(1), it could easily have used the phrase "workers' compensation judges" rather than the term "the department." We conclude, conversely, that if the legislature had intended to exclude workers' compensation judges from the class of persons authorized to review and approve attorney's fees in workers' compensation cases, as described in the second sentence of section 226(a)(1), it could just as easily have made that clear.[4]

---

Tennessee Code Annotated section 50-6-801 *et seq.*, and penalties, governed by Tennessee Code Annotated section 50-6-118, but none of those provisions addresses any authority to approve claims for attorney's fees. Finally, we considered that the Tennessee Claims Commission has the authority to make an "award" to "injured worker[s]." However, the Tennessee Claims Commission, which reviews workers' compensation claims of state employees, operates under the auspices of the Tennessee Department of Treasury, not the Tennessee Department of Labor and Workforce Development. Thus, we cannot conclude that the phrase "the department" as used in Tennessee Code Annotated section 50-6-226(a)(1) refers to the Tennessee Claims Commission.

[3] As noted by the trial court, we also considered that the Bureau of Workers' Compensation is an "autonomous unit" of the Department of Labor and Workforce Development. *See* Tenn. Code Ann. § 4-3-1409(a). Nevertheless, we conclude there is a clear statutory link between the phrase "the department" as used in the context of section 226(a)(1) and the Court of Workers' Compensation Claims in light of the relevant definitions contained in Tennessee Code Annotated section 50-6-102.

[4] In his dissent, our colleague emphasizes the more than 100-year history of Tennessee's workers' compensation law in which judges have had the authority to consider the reasonableness of claims for attorney's fees. However, it is undisputed that the legislature created the Court of Workers' Compensation Claims by statute in 2013. All authority vested in that court is derived from the statute and rules promulgated in accordance with statutory authority. Thus, we do not find it dispositive that, prior to the enactment of the 2013 Workers' Compensation Reform Act, judges on other courts historically had the authority to review attorney's fee claims without the limitations specified in section 226(a)(1).

Furthermore, if the term "the department" as used in section 226(a)(1) does not include judges on the Court of Workers' Compensation Claims, then it is unclear to whom that term applies. As discussed above, we have identified no other persons or entities within the Tennessee Bureau of Workers' Compensation or the Department of Labor and Workforce Development who have the authority to review and approve attorney's fees based on an "award to the injured worker" or in cases "governed by § 50-6-207(4)." In short, Employer, the trial court, and our dissenting colleague have not offered any reasonable alternative explanation as to the meaning of the second sentence of section 226(a)(1). Hence, if there are no other persons or entities connected to "the department" who have the authority to review and approve claims for attorney's fees in the circumstances described in the second sentence of section 226(1)(a), then the interpretation sought by Employer and accepted by the trial judge and our dissenting colleague renders the second sentence of that section meaningless and superfluous, something the Tennessee Supreme Court has counseled against. *See, e.g.*, *Young v. Frist Cardiology, PLLC*, 599 S.W.3d 568, 571 (Tenn. 2020) (statutes must be construed "so that no part will be inoperative, superfluous, void[,] or insignificant").

Finally, we note that, when the Workers' Compensation Reform Act of 2013 ("Reform Act") was drafted, the language at issue in this appeal, which previously appeared in Tennessee Code Annotated section 50-6-226(a)(2)(B), was retained, revised, and moved to section 226(a)(1). The pre-reform version read:

> For cases submitted to the department for approval pursuant to § 50-6-206(c) that are resolved prior to trial or pursuant to a benefit review conference, *the department shall deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker, or, in cases governed by § 50-6-207(4), twenty percent (20%) of the first four hundred (400) weeks of the award.*

Tenn. Code Ann. § 50-6-226(a)(2)(B) (2012) (emphasis added). The portion that was retained and moved was also revised to change the phrase "the first four hundred (400) weeks" to "the first four hundred fifty (450) weeks." Thus, it is apparent that the drafters considered this very sentence, updated it to conform to other provisions of the Reform Act, and moved it to another paragraph of this section. Hence, we find no basis to conclude that the drafters erred in retaining this sentence from pre-reform statutes. Instead, we conclude the drafters *intended* to revise and retain the sentence when it was included in the Reform Act.

In sum, we conclude that the second sentence of Tennessee Code Annotated section 50-6-226(a)(1), which limits the discretion to refuse to approve attorney's fees in circumstances where the fee does not exceed 20% of the award to the injured worker or 20% of the first 450 weeks of benefits in claims brought pursuant to section 207(4),

applies to the judges on the Court of Workers' Compensation Claims.[5] The policy arguments espoused by our dissenting colleague, while persuasive, are within the purview of the General Assembly. Despite what we may *wish* the law to be, we are obligated to interpret statutory language in a way that is consistent with the rules of statutory construction and *not* in a way that renders statutory language meaningless or superfluous.

**Conclusion**

Accordingly, we reverse the order of the trial court and remand this case for entry of an order approving the claim for attorney's fees consistent with this opinion.[6]

---

[5] In his dissent, our colleague warns that subjecting the judges on the Court of Workers' Compensation Claims to the limitations contained in the second sentence of section 226(a)(1) could result in attorneys being forced to "negotiate" with trial judges for the approval of attorneys' fees, and other "consequences detrimental to the workers' compensation law." We note, however, that, wholly separate and apart from the provisions of Tennessee's Workers' Compensation Law governing attorney's fees, attorneys representing injured workers or their dependents must abide by Rule 8 of the Rules of the Tennessee Supreme Court, RPC 1.5, and any other rules, statutes, or regulations that govern fees in contingency fee cases.

[6] It remains within the trial court's discretion to determine whether the attorney's fee should be commuted to a lump sum as provided in Tennessee Code Annotated section 50-6-229(a).

8



**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | |
|---|---|
| Jamie Henderson, as Surviving Spouse of David Joe Turner | ) Docket No. 2020-06-1013 |
| | ) |
| | ) State File No. 44049-2020 |
| v. | ) |
| | ) |
| Pee Dee Country Enterprises, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

---

**Dissent**

---

Hensley, J., dissenting.

Respectfully, I dissent. In the more than one-hundred-year history of Tennessee workers' compensation law, judges before whom a claim is pending have had the authority to consider the reasonableness of the attorney's fees charged for services to employees. The majority alters this history to require judges of the Court of Workers' Compensation Claims to "deem" an employee's attorney's fees to be reasonable in cases that do not proceed to trial so long as the fees do not exceed 20% of the amount of the recovery or award. The majority's rationale is grounded in the fact that judges of the Court of Workers' Compensation Claims are employees of the Bureau of Workers' Compensation of the Department of Labor and Workforce Development ("Bureau").

The Bureau is "a separate administrative entity [of the Executive Branch] for programs, personnel, and budgets," the supervision of which is placed in the administrator of the Bureau. Tenn. Code Ann. § 4-3-1408(b), 1409(b)(1).[1] The Bureau is "an autonomous unit . . . attached to the department of labor and workforce development *for administrative matters only*." Tenn. Code Ann. § 4-3-1409(a) (2019) (emphasis added). *See also* Acts 2013, ch. 289 § 1. Nonetheless, the majority cannot conceive of an instance in which any other employee in the Department of Labor and Workforce Development might be called upon to approve attorney's fees in a claim subject to the 2013 Act, and for that reason interprets Tennessee Code Annotated section

---

[1] As originally enacted, the administrative entity was identified in the Workers' Compensation Reform Act of 2013 as the "Division of Workers' Compensation." The name was changed to the "Bureau of Workers' Compensation" in 2015. *See* Acts 2015, ch. 341 § 16.

1

50-6-226(a)(1) to require judges of the Court of Worker's Compensation Claims to "deem" an employee's attorney's fee to be reasonable in cases that do not proceed to trial if the attorney's fee does not exceed 20% of the amount of the recovery or award to the injured worker or, in cases of permanent total disability, 20% of the first 450 weeks of the award. The majority's conclusion is counter to Tennessee Supreme Court Rule 8, RPC 1.5, and, in my opinion, the legislature never intended this result.

In an effort to give meaning to the second of the three sentences in section 50-6-226(a)(1), the majority interprets the term "department," to include the judges of the Court of Worker's Compensation Claims. The statute provides as follows:

> The fees of attorneys for services to employees under this chapter, shall be subject to the approval of the *workers' compensation judge* before which the matter is pending, as appropriate; provided, that no attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the recovery or award to be paid by the party employing the attorney. The *department* shall deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%) of the award to the injured worker, or, in cases governed by § 50-6-207(4), twenty percent (20%) of the first four hundred fifty (450) weeks of the award. All attorney's fees for attorneys representing *employers* shall be subject to review for reasonableness of the fee and shall be subject to approval by a *workers' compensation judge* when the fee exceeds ten thousand dollars ($10,000).

Tenn. Code Ann. § 50-6-226(a)(1) (2019) (emphases added). Citing section 50-6-102(10) (2019), the majority notes that "department" is defined to mean "the department of labor and workforce development," but the majority glosses over the history of the term's inclusion in the workers' compensation law, which, in my opinion, is pertinent and significant.

*The Workers' Compensation Reform Acts of 1992 and 1996*

The Workers' Compensation Reform Act of 1992 brought substantial changes to the workers' compensation law, including the advent of the workers' compensation specialist program and benefit review conferences that were designed to, among other things, "[f]acilitate the resolution of issues without the expense of litigation or attorneys' fees for either party." *See* Acts 1992, ch. 900 §§ 11, 12. From the effective date of the 1992 Act, workers' compensation specialists were authorized to order the initiation of temporary disability and/or medical benefits to an employee, *Id.* at § 13, assist parties in resolving disputes "by mutual agreement or in a settlement," *Id.* at § 15, and "reduce the agreement or the settlement to writing." *Id.* However, consistent with past law, the settlements, even when reduced to writing, were not effective until they were "approved by the court." *Id.* The 1992 Act authorized workers who were permanently totally

2

disabled to recover weekly indemnity benefits "until the employee reaches the age of sixty-five," and it provided that attorney's fees "in contested cases of permanent total disability shall be calculated upon the first four hundred (400) weeks of disability only." *Id.* at § 17. Further, the Act provided that attorney's fees "may be paid as a partial lump sum from any award when approved and ordered by the trial judge." *Id.* at § 25. The 1992 Act did not, however, authorize any tribunal other than judicial courts to approve settlement agreements. *See* Tenn. Code Ann. § 50-6-206 (1993). The authority of the Commissioner of Labor to approve a workers' compensation settlement agreement and to approve attorney's fees charged for services to injured workers came four years later.

The Workers' Compensation Reform Act of 1996 authorized "[t]he Commissioner of Labor or the commissioner's designee [to] approve a proposed [workers' compensation] settlement among the parties" if certain requirements were met. Acts 1996, ch. 944 § 14(c). The 1996 Act amended section 50-6-226(a) regarding attorney's fees to make attorney's fees "subject to the approval of the *commissioner* or the court before which the matter is pending, as appropriate," and the Act continued the 20% ceiling on attorney's fees. *See* Tenn. Code Ann. § 50-6-226(a) (1997) (emphasis added). The 1996 Act made attorney's fees for attorneys representing *employers* "subject to review for reasonableness" and "subject to approval *by a court* when the fee exceeds ten thousand dollars ($10,000)." *Id.* at § 17(a)(1) (emphasis added). In addition, the 1996 Act specifically addressed attorney's fees in cases submitted to the "department" for settlement approval and in cases that proceeded to trial:

> For cases submitted to the *department* for approval pursuant to Section 50-6-206(c) which are resolved prior to trial or pursuant to a benefit review conference, the *department* shall deem the attorney[']s fee to be reasonable if such fee does not exceed the lesser of twenty percent (20%) of the award to the injured worker or ten thousand dollars ($10,000). For fees in excess of ten thousand dollars ($10,000), any court with jurisdiction to hear a matter pursuant to Section 50-6-225 shall review such case solely for the purpose of approving such fees as are reasonable.

> In cases that proceed to trial, an employee's attorney shall file an application for approval of a proposed attorney[']s fee. Where the award of an attorney's fee exceeds ten thousand dollars ($10,000), the court shall make specific findings as to the factors which justify such a fee as provided in DR 2-106 of Rule 8 of the Rules of the Supreme Court.

*Id.* at § 17(a)(2)(B), (C) (emphases added). Neither the 1992 Act nor the 1996 Act defined "department." However, the 1992 Act defined "Commissioner" to mean "the Commissioner of the Department of Labor." Acts 1992, ch. 900 § 2.

Thus, following the effective date of the 1996 Act, the parties in a case in which a settlement agreement was reached prior to trial or in a benefit review conference could seek approval from the Commissioner of the Department of Labor or the Commissioner's designee, or from a court having jurisdiction to hear workers' compensation cases. If the parties presented the settlement to the Commissioner or the Commissioner's designee, the "department" was statutorily required to "deem the attorney[']s fee to be reasonable if the fee did not exceed the lesser of twenty percent (20%) of the award to the injured worker or ten thousand dollars ($10,000)." But, if the employee's attorney's fee in such case exceeded $10,000, it was necessary for a court having jurisdiction to "review such case solely for the purpose of approving such fees as are reasonable." *Id.* at § 17(a)(2)(B). Further, *in cases that proceeded to trial*, the employee's attorney was required to file an application with the court for approval of a proposed attorney's fee, and, in those cases that proceeded to trial in which the injured employee's attorney's fee exceeded $10,000, the court was required to make specific findings as to the factors that justified the fee "as provided in DR 2-106 of Rule 8 of the Rules of the Supreme Court." *Id.* at § 17(a)(2)(C); *see also* Tenn. Code Ann. § 50-6-226(a)(1)(C) (1997).[2]

As provided in the 1996 Act, only the "department" was required to deem attorney's fees to be reasonable, and only if such fees did not exceed the lesser of $10,000 or twenty percent of the injured employee's recovery or award. "Department" was not defined in the workers' compensation law until 1999 when section 50-6-102 was amended to define "Department" to mean "the department of labor and workforce development." Acts 1999, ch. 520 § 41. Following the 1996 Act, if the attorney's fees charged to an injured employee exceeded $10,000, it was necessary "for any court with jurisdiction . . . [to] review such case solely for the purpose of approving such fees as are reasonable." *Id.* at § 17(a)(2)(B); *see also* Tenn. Code Ann. § 50-6-226(a)(2)(B) (1997). The parties in this appeal have not cited legislative history addressing whether the requirement for the Commissioner to deem attorney's fees in a proposed settlement to be reasonable was intended to avoid non-attorneys reviewing the reasonableness of attorney's fees, and the judges of the Appeals Board are not aware of any such history.

Section 50-6-226(a)(2)(B) was further modified in 2007 to delete the provision requiring the department to deem the attorney's fee to be reasonable if the fee did not exceed "the lesser of twenty percent (20%) of the award to the injured worker or ten thousand dollars ($10,000)." Instead, the 2007 amendment required the department to deem the attorney's fees charged to employees to be reasonable so long as the fees did not exceed 20% of the recovery or award to the injured worker. *See* Acts 2007, ch. 300 § 2; Tenn. Code Ann. § 50-6-226(a)(2)(B) (2008). In addition, addressing attorney's fees in cases of permanent total disability, the 2007 amendment required the department to deem the attorney's fee to be reasonable if the fee did not exceed "twenty percent (20%)

---

[2] In 2003, section 50-6-226(a)(2)(C) was amended to substitute "Tennessee Supreme Court Rule 8, RPC 1.5" for "DR 2-106 of Rule 8 of the Rules of the Supreme Court." Acts 2003, ch. 112 § 4.

of the first four hundred (400) weeks of the award." Finally, the 2007 amendment deleted the last sentence of section 50-6-226(a)(2)(B) that required a court to review, "solely for the purpose of approving such fees as are reasonable," the attorney's fees in any case in which the fees exceeded $10,000. *See* Tenn. Code Ann. § 50-6-226(a)(2)(B) (2008).

Following the effective date of the 2007 amendments, section 50-6-226(a)(1) provided that "[t]he fees of attorneys for services to employees . . . [were] subject to the approval of the commissioner or court before which the matter is pending, as appropriate; provided, that no attorney's fees to be charged employees shall be in excess of twenty percent (20%) of the amount of the recovery or award . . . ." Tenn. Code Ann. § 50-6-226(a)(1) (2008). In addition, this section provided that "[a]ll attorney's fees for attorneys representing *employers* [were] subject to review for reasonableness of the fee and [were] subject to approval by a court when the fee exceeds ten thousand dollars ($10,000)." Tenn. Code Ann. § 50-6-226(a)(1) (2008) (emphasis added). Subsection 50-6-226(a)(2)(B) continued to require the "department" to deem the attorney's fee to be reasonable in cases submitted to the department for approval that were resolved prior to trial or in a benefit review conference so long as the fee did not exceed the 20% ceiling. Further, section 50-6-226(a)(2)(C) continued the requirement that "[f]or cases that proceed to trial, an employee's attorney shall file an application for approval of a proposed attorney's fee," and where the award of an attorney's fee exceeded ten thousand dollars, the court was required to "make specific findings as to the factors that justify the fee as provided in Tennessee Supreme Court Rule 8, RPC 1.5." Tenn. Code Ann. § 50-6-226(a)(2)(C) (2008).

*The Workers' Compensation Reform Act of 2013*

The Workers' Compensation Reform Act of 2013 brought more changes to the workers' compensation system in Tennessee for injuries occurring after June 30, 2014. Chapter 289 of the 2013 Acts amended Tennessee Code Annotated section 4-3-1408 to identify the Bureau of Workers' Compensation as "a separate administrative entity for programs, personnel, and budgets," and it placed the supervision of the Bureau in the administrator of the Bureau. Acts 2013, ch. 289 § 1. *See also* Tenn. Code Ann. § 4-3-1408(b), 1409(b)(1) (2014). As previously noted, the Bureau became "an autonomous unit *that shall be attached to the department of labor and workforce development for administrative matters only*." Acts 2013, ch. 289 § 2(a). *See also* Tenn. Code Ann. § 4-3-1409(a) (2014) (emphasis added).[3]

---

[3] As previously noted, the administrative entity was identified in the Workers' Compensation Reform Act of 2013 as the "Division of Workers' Compensation," and the name was changed to the "Bureau of Workers' Compensation" in 2015. *See* Acts 2015, ch. 341 § 16.

5

The 2013 Act created the Court of Workers' Compensation Claims to perform "the adjudicative function within the [bureau] of workers' compensation." Acts 2013, ch. 289 § 9. *See also* Tenn. Code Ann. § 50-6-102(8) (2014). The court was given "original and exclusive jurisdiction over all contested claims for workers' compensation benefits when the date of the alleged injury is on or after July 1, 2014." Tenn. Code Ann. § 50-6-237 (2014). Judges of the court were required to be "Tennessee licensed attorneys in good standing with at least five (5) years experience in workers' compensation matters." Acts 2013, ch. 289 § 79. *See also* Tenn. Code Ann. § 50-6-238(a)(1) (2014). Judges were given "the duty . . . to hear and determine claims for compensation, to approve settlements of claims for compensation, to conduct hearings, and to make orders, decisions, and determinations." Tenn. Code Ann. § 50-6-238(a)(3) (2014).

As concerns attorney's fees, the 2013 Act amended section 50-6-226(a)(1) to delete any reference to the "commissioner" of the Department of Labor and Workforce Development having the authority to approve "the fees of attorneys for services to employees." *See* Acts 2013, ch. 289 § 61. Instead, the 2013 Act provided that the fees were "subject to the approval of the workers' compensation judge before which the matter is pending, as appropriate." *Id. See also* Tenn. Code Ann. § 50-6-226(a)(1) (2014). In addition, section 50-6-226(a)(2)(B) was deleted by the 2013 Act, but, as the majority notes, part of the statute was retained and moved to subsection 50-6-226(a)(1) and serves as the basis for the majority's decision.

In the instant case, the attorney for the surviving spouse argues on appeal that, in the 2013 Reform Act, the legislature "thought it was appropriate to limit the trial court's discretion on the approval of contingent attorney fees," and counsel speculates as to why the legislature might have thought it appropriate to limit the discretion of the judges of the Court of Workers' Compensation Claims. However, no authority was cited and neither the majority nor I have located legislative history addressing whether the legislature intended to limit the discretion of a workers' compensation judge by mandating the judges "deem the attorney's fee to be reasonable if the fee does not exceed twenty percent (20%)." Indeed, it would have been a simple matter for the legislature to say so. It would have avoided the present ambiguity had the statute stated that "[t]he workers' compensation judge shall deem the attorney's fee to be reasonable . . .," if that was the legislature's intent. The Act clearly expresses the legislature's intent that the judges of the Court of Workers' Compensation Claims are to perform "the adjudicative function within the [bureau] of workers' compensation." Tenn. Code Ann. § 50-6-102(9) (2019). The 2013 Act, as amended, made the Bureau "an autonomous unit that shall be attached to the department of labor and workforce development for administrative matters only." Irrespective that the majority finds "a clear statutory link between the Court of Workers' Compensation Claims and the phrase 'the department,'" it is my conclusion the "department," as used in section 50-6-226(a)(1) (2019), does not include the judges of the Court of Workers' Compensation Claims.

6

Further, I see the issue in this case to be whether the trial court abused its discretion in awarding an attorney's fee of $17,421.41, or 7.5% of the increased benefits. A trial court's award of attorney's fees is discretionary, and an appellate court's review of such a decision applies an "abuse of discretion" standard of review. *Grissom v. United Parcel Service, Inc.*, No. M2016-00127-SC-R3-WC, 2017 Tenn. LEXIS 4, at *7 (Tenn. Workers' Comp. Panel Jan. 9, 2017).

The Tennessee Supreme Court has consistently referred to the ten factors set forth in Tennessee Supreme Court Rule 8, Rules of Professional Conduct 1.5(a) as the standard for determining the reasonableness of attorney's fees. *See Wright ex rel. Wright v. Wright*, 337 S.W.3d 166, 169-170 (Tenn. 2011); *Denison v. VIP Home Nursing & Rehab. Serv., LLC*, 2020 Tenn. LEXIS 272 (Tenn. Workers' Comp. Panel June 19, 2020). Section 50-6-226(a)(2)(C) (2019) requires workers' compensation judges to "make specific findings as to the factors that justify the fee as provided in Tennessee Supreme Court Rule 8, RPC 1.5." However, this statute is not applicable in this case because the case did not proceed to trial. Requiring a workers' compensation judge to make those findings in cases that proceed to trial does not foreclose a judge from considering those factors when determining the reasonableness of attorney's fees in cases that do not proceed to trial. Indeed, the Supreme Court Special Workers' Compensation Appeals Panel has applied those factors in instances in which the workers' compensation statutes did not mandate their applicability. *See Grissom,* 2017 Tenn. LEXIS 4, at *5-6 ("The statute does not set out any specific factors to be considered by a trial court [when making an award of attorney's fees arising from an employer's refusal to provide medical care required by a settlement or judgment]. A recent decision of our Supreme Court provides us with some guidance, albeit in the context of a minor's settlement." (Citing *Wright ex. Rel. Wright*, 337 S.W.3d at 169-70.)).

The majority has foreclosed not only application of these factors in a workers' compensation case that does not proceed to trial, but any review by a judge of the attorney's fees charged an employee beyond determining whether the fees exceed 20% of the recovery or award. The Tennessee Supreme Court declared nearly thirty years ago that "the 20 percent ceiling set out in the statute is a maximum, which may or may not be reasonable depending on the circumstances of the case." *Perdue v. Green Branch Mining Co.*, 837 S.W.2d 56 (Tenn. 1992). *See also Sowell v. Christy*, No. M2004-02186-COA-R3-CV, 2006 Tenn. App. LEXIS 163, at *9 (Tenn. Ct. App. Mar. 8, 2006); *McGhee v. Tots & Teens Pediatrics*, No. E2011-02210-WC-R3-WC, 2012 Tenn. LEXIS 748, at *13 (Tenn. Workers' Comp. Panel Oct. 17, 2012). Under the majority's holding, had the attorney for the surviving spouse charged a fee of 20% of the "recovery or award," rather than 20% of the difference in the benefits awarded and the benefits available under Mississippi law, the workers' compensation judge would have been required to deem those fees to be reasonable.

Section 50-6-226(a)(1) requires "[t]he fees of attorneys for services to employees . . . [to be] subject to the approval of workers' compensation judge before which the matter is pending." Section 50-6-240 (2019) requires "all settlements [to be] reduced to writing and . . . approved by a judge of the court of workers' compensation claims." Moreover, it is "the duty of the judge of the court of workers' compensation claims to whom any settlement is presented for approval . . . to examine the proposed settlement to determine whether the employee is receiving, substantially, the benefits provided by the Workers' Compensation Act." Tenn. Code Ann. § 50-6-240(a). Can a workers' compensation judge refuse to find that a settlement secures substantially the benefits to which the injured worker is entitled because the 20% attorney's fee is unreasonable or thought by the judge to be unreasonable? Will the majority's conclusion effectively require attorneys for injured workers to negotiate the attorney's fee with the judge to whom a settlement is presented? In my opinion, ending the one-hundred-year history of allowing the judge before whom a settlement is pending to review the reasonableness of the attorney's fees in cases that do not proceed to trial will have detrimental consequences to the workers' compensation law and to employers and injured employees. The legislature should act to prevent the charging of unreasonable attorney's fees for which the majority has opened the door. I would affirm the workers' compensation judge's determination that the judges of the Court of Workers' Compensation Claims "must review the requested fee for reasonableness," and then turn to that review.



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Jamie Henderson, as Surviving Spouse of David Joe Turner | ) Docket No. 2020-06-1013 |
| | ) |
| | ) State File No. 44049-2020 |
| v. | ) |
| | ) |
| Pee Dee Country Enterprises, Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Kenneth M. Switzer, Chief Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 23rd day of July, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| M. Reed Martz Penny Robinson | | | | X | reed@freelandmartz.com penny@freelandmartz.com |
| Lee Anne Murray Ashley McGee | | | | X | leeamurray@feeneymurray.com ashley@feeneymurray.com |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov